UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY LEE HATTEN,             :
      Plaintiff               :
                              :
      vs.                     :   CIVIL NO. 1:13-CV-00209
                              :
                              :
BRYAN BLEDSOE, Warden, et. al.  :
      Defendant               :

*M E M O R A N D U M*

I.        *Introduction*

We are considering objections to the Report and Recommendation of

Magistrate Judge Mehalchick.  (Doc. 43).  This matter relates to a complaint filed by

Plaintiff in which he alleges that Defendants violated his Eighth and Fourteenth

Amendment rights and caused him physical and emotional harm while he was

incarcerated at United States Prison Lewisburg.  (Doc. 1).  The complaint asserts claims

pursuant to Bivens,[1] the Federal Tort Claims Act (FTCA), and state tort law.  (Id.).

Defendants filed a motion to dismiss on April 9, 2013, asserting that the Bivens claims

against the Bureau of Prisons are barred by sovereign immunity.  (Doc. 6; Doc. 7).

Defendants filed another motion on May 10, 2013.  That motion seeks to dismiss

Plaintiff's Bivens claims against Defendant Bledsoe and dismiss the FTCA claims against

the Bureau of Prisons.  (Doc. 10; Doc. 31).  Further, Defendants' second motion seeks

summary judgment.  They argue that all Defendants are entitled to summary judgment on

Plaintiff's Bivens claims because Plaintiff failed to exhaust his administrative remedies.

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

(Id.).  Alternatively, they argue they are entitled to summary judgment on the merits of the Bivens claims and on the basis of qualified immunity.  (Id.).  Magistrate Judge Mehalchick recommends that we grant Defendants' first motion to dismiss and grant in part and deny in part the second motion.  (Doc. 43).  Because Plaintiff and Defendants have both filed objections (Doc. 47; Doc. 52), we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  For the following reasons, we adopt Magistrate Judge Mehalchick's recommendations with some additions.

II.        *Background*

Because the magistrate judge's report and recommendation provides a detailed recitation of the facts and procedural history, we need not repeat them here.

III.       *Discussion*

A. *Dismissal of Warden Bledsoe*

Magistrate Judge Mehalchick recommends that we dismiss Defendant Bledsoe from the Bivens claims contained in counts one and two.  (Doc. 43 at 18).  She made no recommendation, however, addressing whether we should dismiss Bledsoe from the remaining counts.  Defendants object and argue that because the complaint does not plead any facts of Bledsoe's personal involvement in the events underlying the claims, he should also be dismissed from the state law tort claims contained in counts twelve, thirteen, and fourteen.[2]  We agree.

---

2. Count twelve is intentional infliction of emotional distress.  Count thirteen is negligent infliction of emotional distress.  Count fourteen is assault and battery.

While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Here, there are no facts in the complaint concerning personal actions taken by Defendant Bledsoe. (Doc. 1; Doc. 43 at 18). Thus, Plaintiff has failed to plead the facts necessary to set out a plausible claim that Defendant Bledsoe is directly liable for the torts contained in counts twelve, thirteen, and fourteen.

Further, we find that Defendant Bledsoe cannot be held vicariously liable for the conduct of his subordinates. Although state tort claims can be premised on respondeat superior, only an employer is vicariously liable for the wrongful acts of an employee committed within the scope of employment.[3] See, e.g., Straiton v. Rosinsky, 133 A.2d 257 (Pa. 1957). Here, Defendant Bledsoe is not an employer. He, like the other individual defendants, is an employee of the Federal Bureau of Prisons. See (Doc. 1 at 5) ("All of the Defendants and all of the individuals identified and described herein were employees of the BOP at the time of the acts alleged . . . ."). Thus, Defendant Bledsoe cannot be held vicariously liable for the wrongful conduct of his subordinates.

---

3. Our research has found no authority to suggest that a supervisor, that is not an employer, is vicariously liable for the wrongful acts of a subordinate. Accord McLaurine v. City of Auburn, No. 3:06-CV-1014, 2007 WL 1548924 at *2 (M.D. Ala. May 25, 2007) ("As a matter of law, the doctrine of respondeat superior does not hold supervisors, as co-employees, vicariously liable for the torts of their subordinates"); Wells v. City of Dayton, 495 F. Supp. 2d 797 (S.D. Ohio 2006) (holding that under Ohio law, police chief is not vicariously liable for conduct of officers).

Accordingly, we will dismiss Bledsoe from counts twelve, thirteen, and fourteen and dismiss him as a party.[4]

### B.  Plaintiff's Objection to Summary Judgment

Plaintiff objects to any form of summary disposition at this stage of the litigation.  He asserts that there has been no opportunity to conduct discovery,[5] and it would be untimely and improper for us to dispose of his claims on summary judgment without first having the opportunity to conduct basic discovery.  We disagree.

"The Federal Rules of Civil Procedure expressly permit a defendant to move for summary judgment 'at any time,' FED. R. CIV. P. 56(b), whether or not the parties have conducted discovery."  Koehnke v. City of McKeesport, 350 F. App'x 720, 723 (3d Cir. 2009).  "If the non-moving party believes that its adversary's summary

---

4.  Defendants ask us to dismiss Defendant Bledsoe as a party, asserting that, if we adopt the recommendations, there are no remaining counts against him.  We find that this requires resolution of some ambiguity concerning Bledsoe's status as a defendant to counts three and four. Magistrate Judge Mehalchick recommends that the "United States be substituted in place of the Bureau of Prisons as a defendant to Counts Three and Four of the complaint . . . ."  (Doc. 43 at 33).  Defendants claim that this language recommends that the United States be substituted as the sole defendant to counts three and four.  (Doc. 48 at 5 n.4).  However, this assumes BOP was the only defendant to counts three and four.  If all the other named defendants are also defendants to counts three and four, we think the language could be read as recommending the United States merely replace BOP and all other defendants remain.  This disconnect is the product of a complaint that is less than a model of clarity as to which individuals are defendants to which claims.  For sake of clarity, we agree with Defendants that the United States is the only proper defendant to the FTCA claims contained in counts three and four.  See Huberty v. United States Ambassador to Costa Rica, No. 3:07-CV-1420, 2007 WL 3119284 at *4 (M.D. Pa. Oct. 22, 2007).  Because we will adopt the magistrate judge's recommendations concerning the other claims to which Bledsoe is a defendant, we will dismiss Bledsoe as a party.

5.  Plaintiff claims there has been not been discovery because no Rule 26 conference has been held and a motion seeking expedited discovery has gone without disposition. However, Plaintiff's motion for expedited discovery was disposed of on September 5, 2013.  Magistrate Judge Mehalchick denied the motion, finding that Plaintiff failed to establish good cause for expedited discovery.  (Doc. 29).

judgment motion is premature, that party is not without recourse." Id.  A party that cannot

present facts essential to its opposition to a motion for summary judgment may file an

affidavit pursuant to Federal Rule of Civil Procedure 56(d), "identifying with specificity

what particular information is sought; how, if uncovered, it would preclude summary

judgment; and why it has not previously been obtained."  Bradley v. United States, 299

F.3d 197, 206-07 (3d Cir. 2002) (internal quotations omitted).

      Here, the information to which Plaintiff claims he does not have access, and

that he specifically identifies as essential to his opposition, are: (1) the identity of parties

involved; (2) access to videotape of the incidents in question; and (3) the names of fellow

inmates who witnessed the acts in controversy.[6]  (Doc. 52 at 6).  With respect to the

identity of the parties involved, we find that Plaintiff already has access to this

information.  On June 7, 2013, Defendants provided Plaintiff with many sources of

information, including incident reports.  (Doc. 22).  The incident reports specifically

identify the prison employees involved in each incident and each employee's particular

role.  See (Doc. 22-4 at 6; Doc. 22-5 at 11).  Similarly, despite his assertion to the

contrary, the video has been made available to Plaintiff and his counsel for review.  (Doc.

43 at 4 n.4).  Finally, with respect to the names of fellow inmates who witnessed the

acts, Plaintiff has not argued how, if uncovered, that information would preclude summary

---

6.  The Third Circuit requires strict adherence to the affidavit requirement.  Bradley, 299 F.3d at 206-07.  Plaintiff did not file any document for Magistrate Judge Mehalchick's review that would satisfy the requirements of an affidavit.  However, Plaintiff's objections (Doc. 52) contain a certificate of facts, signed by counsel, attesting that the factual statements made in the objections are true and correct and made pursuant to 28 U.S.C. § 1746.  For purposes of this discussion, we find that the Plaintiff's objections satisfy the affidavit requirement.

judgment.  Thus, Plaintiff has failed to demonstrate why we should defer or deny

Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure

56(d).  Accordingly, we find that it is neither untimely nor inappropriate to dispose of

some of Plaintiff's claims on summary judgment prior to additional discovery.

### C.  Summary Judgment for Failure to Exhaust Administrative Remedies

Defendants' filed a motion for summary judgment on the grounds that

Plaintiff failed to exhaust his administrative remedies.[7]  Magistrate Judge Mehalchick

determined that a genuine issue of material fact exists concerning Plaintiff's exhaustion of

administrative remedies and recommends we deny the motion.  (Doc. 43 at 24).

Defendants' object and assert that the record evidence establishes that Plaintiff did not,

at every stage of the administrative process, timely file an administrative remedy

addressing the incidents in question.

As an affirmative defense, the defendant bears the burden of pleading and

proving that the plaintiff has not properly exhausted all administrative remedies.  Ray v.

Kertes, 285 F.3d 287, 295 (3d Cir. 2002).  The only record evidence submitted by

Defendants to support the motion are the Declaration of Jennifer Knepper, an attorney at

---

7.  A prisoner may not institute a suit under federal law unless all administrative remedies available are first properly exhausted.  42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).  The Bureau of Prisons has a four step administrative remedy process.  28 C.F.R. § 542.13-.15.  First, a prisoner must notify the staff of their compliant in an attempt to informally resolve the issue.  28 C.F.R. § 524.13.  Next, the prisoner must file a written administrative remedy request within twenty days of the underlying basis of the complaint.  28 C.F.R. § 524.14.  If the inmate is not satisfied with the Warden's response, the inmate may file an appeal to the Regional Director of the Bureau of Prisons within twenty days of the Warden's response.  28 C.F.R. § 524.15.  Last, if not satisfied with the Regional Director's resolution, the prisoner may file a written appeal to the General Counsel of the Bureau of Prisons within thirty days of the Regional Director's response.  Id.

USP Lewisburg, and a comprehensive index of Plaintiff's administrative remedy requests. The Knepper declaration states that Plaintiff has only exhausted sixteen administrative remedies since the dates in question, none of which relate to the incidents *sub judice*. Included in the appended comprehensive index, however, is a "staff complaint" filed by Plaintiff within a few days of the July 16, 2011 incident.  That complaint was presented at each stage of the administrative remedy process.  Defendants argue the "staff complaint" was not included in the list of sixteen because Plaintiff filed the appeal of the "staff complaint" to the Regional Director beyond the twenty days required.  Thus, Plaintiff did not properly exhaust that request.  We find that a genuine issue of material fact remains concerning whether the "staff complaint" exhausted Plaintiff's administrative remedies.

While we recognize that the comprehensive index submitted with the Knepper declaration indicates the appeal of the "staff complaint" to the Regional Director was filed more than twenty days after the Warden denied Plaintiff's request, we find the dates provided in the comprehensive index to be unreliable.  For example, Plaintiff filed a remedy request on March 8, 2012, and the Warden denied it twelve days later on March 20, 2012.  However, the comprehensive index states that the request was filed on March 14, 2012, and the Warden responded six days later on March 19, 2012.  Further, there is no copy of the "staff complaint" in the record.  Thus, we cannot determine when the complaint was actually filed by Plaintiff and appealed to the Regional Director, and we cannot determine if there was a justification for delay.  See 28 C.F.R. § 542.14(b)(1). Accordingly, viewing the evidence in the light most favorable to the non-moving party,

7

and drawing all inferences in the Plaintiff's favor, we agree with Magistrate Judge

Mehalchick and find that a genuine issue of material fact remains.

### D.  Summary Judgment on the Merits of Plaintiff's Excessive Force Claim

Defendants moved for summary judgment on the merits of the excessive

force claims contained in count one of Plaintiff's complaint.  Magistrate Judge Mehalchick

recommends we deny the motion with respect to the July 16, 2011 incident.  Defendants

assert two arguments in objection.  First, they argue that the record establishes that only

Defendant Miller was personally involved in the use of force on that date.  Thus, the

remaining named individual defendants are entitled to summary judgment.  Second, they

argue that Defendant Miller is also entitled to summary judgment because Bureau of

Prison policy required that he apply the force in question.  We find that Defendant Miller

is not entitled to summary judgment, but we agree that the remaining defendants are so

entitled.

To establish an Eighth Amendment claim for excessive use of force, a

complainant must establish that the force used was not applied in a good-faith effort to

maintain or restore discipline, but that it was maliciously and sadistically used to cause

harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Factors relevant to such a

determination include: (1) the need for the application of force; (2) the relationship

between the need and amount of force that was used; (3) the extent of injury inflicted; (4)

the extent of the threat to the safety of staff and inmates; and (5) any efforts made to

temper the severity of a forceful response.  Whitley v. Albers, 475 U.S. 312, 321 (1986).

8

With respect to the remaining named individual defendants,[8] there is no record evidence that these defendants were involved in the use of force, much less evidence that they used force in a malicious and sadistic manner.  To the contrary, the videotapes and the incident reports establish that they were not involved at all in the application of force against Plaintiff.  Accordingly, we find that there is insufficient evidence from which a reasonable trier of fact could find that these defendants used force in a malicious and sadistic manner.  Therefore, they are entitled to summary judgment.

With respect to Defendant Miller, however, there is record evidence of his personal involvement in the use of force against Plaintiff.  See (Doc. 22-4 at 6; Doc. 22-5 at 11).  That evidence includes a videotape that shows Plaintiff standing in place outside his cell for four minutes without incident.  During that time, three guards are standing with Plaintiff in non-defensive postures.  Thereafter, Plaintiff was removed, without resistance, from his cell by Defendant Miller and the Use-of-Force Team (UTF) and placed in ambulatory restraints for approximately twenty-five hours.  Defendants argue, however, that according to Bureau of Prison policy, after a inmate displays violence or aggressiveness, staff is required to restrain the inmate for a period of time necessary to determine if the inmate has gained self-control, even if the inmate no longer displays violence at the time of restraining.  Thus, the force used by Defendant Miller cannot be malicious and sadistic.  We disagree.

---

8.  The remaining named individual defendants are: Defendant Brewer; Defendant Crawley; Defendant Fosnot; Defendant Liesenfled; Defendant Treibley; and Defendant Zegarski.

First, the policy provides that "using ambulatory restraints for a period of time <u>may</u> be appropriate for protecting staff . . . ." (Doc. 22-3 at 11).  There is no requirement that ambulatory restraints be applied.  Further, the policy only permits such use of force for a period of time necessary to determine whether the inmate has gained self-control.  (<u>Id.</u>).  Here, we find that, viewing the videotape in which Plaintiff stood outside his cell for four minutes without incident, a reasonable juror could find that Plaintiff was in complete self-control and thus the restraints were not necessary at all, much less for twenty-five hours.  Accordingly, we find that considering the factors enumerated above, a reasonable trier of fact could find that Defendant Miller did not use force in good faith.

### E. Summary Judgment on Plaintiff's Retaliation Claims

Defendants moved for summary judgment on count two of the complaint, in which Plaintiff alleges that prison staff applied force in retaliation for filing grievances and lawsuits.  Magistrate Judge Mehalchick recommends we deny that motion.  Defendants' make two arguments in objection.  Again, they argue that the record provides no evidence that Defendants Brewer, Crawley, Fosnot, Liesenfled, and Treibley were personally involved.  Thus, they are entitled to summary judgment.  Second, they argue that Defendants Miller and Zegarski are entitled to summary judgment because the Bureau of Prison policy required the application of force in question.  We find that Defendants Miller and Zegarski are not entitled to summary judgment, but we find the other defendants are so entitled.

10

A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  With respect to Defendants Brewer, Crawley, Fosnot, Liesenfled, and Treibley, we find no record evidence to establish they engaged in the adverse action of applying force.  Thus, there is no evidence from which a reasonable juror could find that they retaliated against Plaintiff.  Accordingly, they are entitled to summary judgment on the retaliation claim contained in count two of Plaintiff's complaint.

With respect to Defendants Miller and Zegarski, the only element in dispute is the causal link.  The Plaintiff has the initial burden to establish that constitutionally protected activity was a substantial or motivating factor in the adverse action against him.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  "Once the prisoner has made his prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that it would have made the same decision absent the protected conduct for reasons reasonably related to penological interests."  Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002).  Plaintiff has met his initial burden.  Declarations produced by Plaintiff indicate that Miller and Zegarski, prior to applying the force at issue, told Plaintiff that they and other officials were retaliating against Plaintiff for filing grievances and lawsuits.

In their objections, Defendants again argue the policy requires the use of ambulatory restraints after an inmate shows signs of violence or aggression.  Thus, the

force would have been applied against Plaintiff, even in the absence of filing grievances and lawsuits.  We disagree.  Again, the policy <u>permits</u> the use of ambulatory restraints for a time necessary to assess whether the inmate has gained self-control.  As we noted above, we find that a reasonable juror, viewing the videotape, could find that Plaintiff was in complete self-control, and Defendants would not have applied force absent Plaintiff's protected conduct.  Accordingly, we find Defendants Miller and Zegarski are not entitled to summary judgment on Plaintiff's retaliation claim.

### F.  Qualified Immunity

Last, Defendants filed a motion for summary judgment on qualified immunity grounds.  They object to the recommendation that we deny that motion.  An official is not entitled to qualified immunity if (1) the official's conduct violated a constitutional or federal right and (2) the right at issue was clearly established.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201-02 (2001).  Here, to determine whether the Defendants' acts were constitutional requires a resolution of the factual disputes addressed above.  We, therefore, deny Defendants' motion for summary judgment on qualified immunity grounds and defer this determination until a trier of fact determines the disputed facts.

### IV.      Conclusion

Based on the above, we will adopt Magistrate Judge Mehalchick's report and recommendation with the following additions.  Defendant Bledsoe will be dismissed from counts twelve, thirteen, and fourteen, and he will be dismissed as a party.

Defendants Brewer, Crawley, Fosnot, Liesenfled, Treibley, and Zegarski are entitled to summary judgment on Plaintiff's July 16, 2011 excessive force claim contained in count one.  Defendant Miller remains a defendant to the July 16, 2011 excessive force claim.  Last, Defendants Brewer, Crawley, Fosnot, Liesenfled, and Treibley are entitled to summary judgment on the retaliation claim contained in count two.  Defendants Miller and Zegarski remain defendants to count two.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

13