UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY LEE HATTEN,  :
    Plaintiff  :
  :
vs.  : CIVIL NO. 1:13-CV-0209
  :
BRYAN BLEDSOE, Warden, *et al.*,  :
    Defendants  :

*M E M O R A N D U M*

*I.    Introduction*

We are considering Defendants' motion for reconsideration. (Doc. 60). This matter relates to a complaint filed by Plaintiff in which he alleges, *inter alia*, that Defendants violated his Eighth and Fourteenth Amendment rights while he was incarcerated at United States Prison Lewisburg. (Doc. 1). In Count One, Plaintiff alleges that Defendants used excessive force on July 16, 2011 and July 25, 2011, causing him physical harm. (Id.). In Count Two, he avers that the use of force on those dates was in retaliation for filing administrative grievances. (Id.). On May 10, 2013, Defendants filed a motion for summary judgment. (Doc. 10). They argued that they were entitled to summary judgment on the merits of Plaintiff's claims and on the basis of qualified immunity. (Doc. 13). On August 4, 2014, Magistrate Judge Mehalchick recommended that we deny Defendants' motion with respect to the July 16, 2011 excessive force claim and the retaliation claim. (Doc. 43). Defendants objected to the recommendation.

After *de novo* review, we adopted Magistrate Judge Mehalchick's recommendation in pertinent part. (Doc. 55, 56). First, we held that Defendant Miller

was not entitled to summary judgment on Plaintiff's July 16, 2011 excessive force claim. (Doc. 55 at 10).  We found that a reasonable juror could find that no force was required, much less the twenty-five hours of restraint that was actually applied. (Id.).  Meaning, a reasonable juror could conclude that the force used by Defendant Miller was malicious and sadistic, and not for the purpose of restoring discipline. (Id.).  Likewise, we held that Defendant Miller and Defendant Zegarski were not entitled to summary judgment on Plaintiff's retaliation claim.  Again, we found that a reasonable juror could conclude that adverse action taken by Miller and Zegarski would not have been taken but for Plaintiff's participation in protected conduct. (Doc. 55 at 12).  Last, we found that a resolution of disputed facts was required before we could determine if Defendants were entitled to qualified immunity.  Accordingly, we deferred judgment on qualified immunity grounds until a trier of fact resolved those factual disputes. (Id.).  Now, Defendants have filed a motion for reconsideration. (Doc. 60).  For the reasons discussed below, we will deny Defendants' motion.

*II.        Discussion*

A party seeking reconsideration must demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Defendants claim that it was clear error for us to deny Defendants Miller and Zegarski qualified immunity. (Doc. 61 at 3, 12).

"Qualified immunity is applicable unless the officials' conduct violated a clearly established constitutional right." Pearson v. Callahan, 555 U.S. 223, 232 (2009). Therefore, a two prong test is used for resolving government officials' qualified immunity claims. First, we decide whether the facts that plaintiff has shown make out a violation of a constitutional right. Id. (citing Saucier v. Katz, 553 U.S. 194 (2001). If so, we decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct. Id. "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." See Ashcroft v. Al-Kidd, 131 S. Ct. 2074, 2083 (2011).

With respect to Plaintiff's July 16, 2011 excessive force claim, Defendants' assert several arguments in an attempt to demonstrate that we have committed clear error by denying Defendant Miller qualified immunity. First, they argue that, pursuant to Hunter v. Bryant, 502 U.S. 224 (1991), Defendant Miller is entitled to qualified immunity because it was reasonable for him to believe that his actions were constitutional. (Doc. 61 at 7-10). To support this argument, they point to several purportedly undisputed facts: (1) Plaintiff was assaultive and disruptive immediately prior to the use of force; (2) there was a prison policy that permitted the use of restraints on assaultive and disruptive prisoners to assess whether the inmate regained self-control; and (3) Miller placed him in restraints for only four minutes to assess his self-control. (Id.). Defendants go on to argue that Defendant Miller's actions did not violate the Eighth Amendment because

3

Plaintiff had only *de minimis* injuries, and because restraining a prisoner for an extended period of time is not a *per se* constitutional violation. (Doc. 61 at 9-10). Finally, Defendants argue that the law was not clearly established.[1] We disagree.

"Just as the granting of summary judgment is inappropriate when a genuine issue exists as to any material fact, a decision on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis." Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002). Disputes of fact must first be resolved by a trier of fact. Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir. 2004). In this case, the facts alleged by Plaintiff stand in stark contrast to those alleged by Defendants.

According to Plaintiff, the guards at the prison assaulted him by pulling his hands through a food slot. (Doc. 34 at 32). Thereafter, Plaintiff was instructed to exit his cell. (Id.). He stood outside the cell unrestrained for four minutes without incident and without apparent concern from the guards. (Id.; Doc. 43). He was subsequently escorted up a flight of stairs where Miller threatened him with bodily harm. (Doc. 34 at 32). Miller then placed him in restraints and instructed guards to place him back in his cell. (Id.). Plaintiff remained in restraints within his cell for approximately one hour. (Doc. 43 at 10). Thereafter, he was again removed from the cell without incident and was placed in ambulatory restraints. (Doc. 34 at 32). While walking to a different block of the prison,

---

1. Throughout their brief, Defendants commingle the two prongs of the qualified immunity test, making it unclear which arguments are directed at which prong. Because we find qualified immunity is premature, we need not determine which prong Defendants are attacking.

4

he tripped. (Id.). He was placed on a stretcher and transported to a new cell. (Id.). The new cell was consumed by the fumes of a recently used chemical agent, which made it difficult for Plaintiff to breath. (Id.). He was stripped of his clothing and restrained to a chair with his hands over his head. (Id.). Plaintiff stayed in this position for approximately twenty-nine and a half hours. (Id.). All of this, according to Plaintiff, was done with Miller's direct involvement.

Until these factual disputes are resolved, ruling on Defendant Miller's claim of qualified immunity would be ill-considered. Indeed, in resolving the factual disputes, a reasonable jury could conclude that no force was required, that the amount of force was disproportionate to need, that no threats to staff or inmates existed, and that Miller made no efforts to temper the severity of the force applied. See Whitley v. Albers, 475 U.S. 312, 321 (1986) (identifying these factors as relevant to determining if force was applied maliciously). Meaning, a reasonable juror could find that Miller applied force maliciously and sadistically and thus violated Plaintiff's Eighth Amendment rights.[2] If so, there would be no room for qualified immunity under the clearly established prong. The use of malicious and sadistic force is never reasonable and always violates clearly established

---

2. It is unavailing to argue that Defendant Miller's actions were constitutional because restraining a prisoner for an extended period of time is not *per se* unconstitutional. The facts of each case control, and we find that a reasonable juror in this case could find a violation. Likewise, Defendants' *de minimis* injury argument fails. By equating injury with force, Defendants misinterpret the rule espoused in Hudson v. McMillian. Hudson specifically states that the objective element of an Eighth Amendment claim does not require a showing of significant injury. It only requires a showing of more than *a de minimis* use of force, or force that is repugnant to mankind. Hudson v. McMillian, 503 U.S. 1, 9 (1992). ("When prison officials maliciously and sadistically use force to cause harm [the objective element is always met]. This is true whether or not significant injury is evident").

law. Thomas v. Ferguson, 361 F. Supp. 2d 435, 442 n.7 (D.N.J. 2004). That is, every reasonable officer understands that the application of force maliciously and sadistically for purpose of causing harm violates the Cruel and Unusual Punishment Clause.[3] See, e.g., Johnson v. Breeden, 280 F.3d 1308, 1321-22 (11th Cir. 2002) (stating that the subjective element required to establish a claim is so extreme that "every conceivable set of circumstances in which this constitutional violation occurs is clearly established). Accordingly, we find no clear error in deferring judgment until a jury resolves the factual disputes upon which the applicability of qualified immunity will turn.[4]

Finally, we address Defendants' arguments concerning Defendant Miller's and Defendant Zegarski's entitlement to qualified immunity on Plaintiff's retaliation claim. With respect to Defendant Zegarski, Defendants argue that there is no record evidence that he was involved in any physical restraint of Plaintiff. Therefore, it was not clearly established that Zegarski's actions were unconstitutional. With respect to Defendant

---

3. Defendants' argue, pursuant Hunter v. Bryant, that it was reasonable for Defendant Miller to believe his actions were constitutional. The reasonableness discussion in Hunter, however, speaks to what is now identified as the clearly established prong of the qualified immunity test. Under this prong, the inquiry is not whether the defendant reasonably believed that his actions were lawful. It is simply irrelevant what the defendant thought. See Berg v. Cnty. of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000) ("The inquiry [concerning qualified immunity] is an objective one; the arresting officer's subjective beliefs about the existence of probable cause are not relevant."). The correct inquiry is whether every reasonable officer would understand the action was unlawful. Ashcroft v. Al-Kidd, 131 S. Ct. 2074, 2083 (2011). Accordingly, Defendants' reasonableness argument uses the incorrect standard and is therefore unavailing. Nevertheless, to be comprehensive in our discussion above, we address reasonableness argument using the correct standard.

4. As we read Defendants' brief, they imply that by submitting the issue to a jury, we will commit reversible error. They argue that the applicability of qualified immunity is a question of law to be decided by the court, not a jury. Although true, Defendants have misread our opinion. We did not reserve for the jury the legal question of qualified immunity, we reserved for the jury the factual questions upon which qualified immunity will turn.

Miller, Defendants similarly argue that there is no record evidence that the restraints applied by Miller were motivated by Plaintiff's protected conduct.  Therefore, it was not clearly established that Miller's conduct would violate the constitution.  We find Defendants' arguments to be without merit.

Although framed as qualified immunity arguments, Defendants' arguments attack the substantive elements of Plaintiff's *prima facie* case.  A prisoner alleging retaliation must show (1) he engaged in constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  A causal link is established if the plaintiff shows that the protected activity was a substantial or motivating factor in the adverse action.  Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001)

By arguing that Zegarski did not participate in the restraint of Plaintiff, Defendants are essentially asserting that Plaintiff fails to meet the second element of his retaliation claim because there is no adverse action by Zegarski.  Similarly, by arguing that Miller did not apply the restraints because of Plaintiff's protected conduct, Defendants are arguing that Plaintiff fails to satisfy the third element because there is no causal link.  These arguments do not speak to the clearly established prong of the

qualified immunity test.[5]  If there is no adverse action or no causal link, there is no violation, and we never reach Defendants' clearly established arguments.  Accordingly, we address Defendants' arguments as though they are seeking reconsideration on the merits of Plaintiff's retaliation claim.

With respect to Defendant Zegarski, we decline to analyze Defendants' argument.  "[A] motion for reconsideration is a device to relitigate the original issue decided by the district court, and is used to allege legal error, it is not a vehicle to raise new arguments or present evidence that could have been raised prior to the initial judgment."  Grudkowski v. Foremost Ins. Co., No. 3:CV-12-1847, 2013 WL 3322347 at *6 (M.D. Pa. July 1, 2013).  Not only did Defendants fail to raise an adverse action argument in their motion for summary judgment, but they conceded for purposes of their motion that Plaintiff could satisfy the adverse action element.  (Doc. 34 at 24 ("Defendants do not dispute he can meet the first two elements of his retaliation claim")).  If Defendants wanted to challenge this element, it was incumbent upon them to make the challenge before the motion for summary judgment was decided.  Grudkowski, 2013 WL 3322347 at *6.  Accordingly, we find that Defendants cannot raise this argument for the first time on a motion for reconsideration, and we decline to address it.

---

5. Even if Defendants were making a "clearly established" argument, it would fail.  Plaintiff claims that prison officials took retaliatory actions against him for filing lawsuits and grievances.  It is clearly established that such action, if proven, is not lawful.  See Atkinson v. Taylor, 316 F.3d 257, 270 (3d Cir. 2003) (citing Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981)).  Thus, the second prong of the qualified immunity test is met, and Defendants would not be entitled to qualified immunity.  Id.

With respect to Defendant Miller, direct evidence of Defendant Miller's motivation is not essential for Plaintiff to satisfy the causation element.  Circumstantial evidence, such as temporal proximity between the protected conduct and the adverse action together with other evidence of wrongdoing, can establish the required causal connection.  Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 (3d Cir. 2003); Rauser, 241 F.3d at 334.  Here, not only is there evidence that shows a proximity between the filing of grievances and adverse action, but there is also evidence that another guard told Plaintiff that prison officials were engaging in a scheme to retaliate against him for filing lawsuits and grievances.  (Doc. 22-1 at 39 (indicating grievances filed five days before the July 16, 2011 incident and seven days before the July 25, 2011 incident)); (Doc. 34 at 22 (indicating Zegarski told Plaintiff of retaliatory scheme)).  We find that from this circumstantial evidence a reasonable juror could conclude that Defendant Miller's actions were motived by Plaintiff's protected activities.  Accordingly, Defendants' argument fails, and we find no clear error in our prior order.

*III.*		*Conclusion*

For the reasons discussed above, we will deny Defendants' motion for reconsideration.  We will issue an appropriate order.

> /s/William W. Caldwell
> William W. Caldwell
> United States District Judge