IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY LEE HATTEN,** | : | Civil No. 1:13-cv-0209 |
| Plaintiff, | : | |
| v. | : | |
| **BRYAN BLEDSOE, Warden, et al.,** | : | Judge Sylvia H. Rambo |
| Defendant. | : | |

# **M E M O R A N D U M**

Before the court is a motion for reconsideration of this court's January 9, 2019 order adopting the report and recommendation ("R&R"). In his motion, the plaintiff, Timothy Hatten ("Hatten"), seeks to have his objections to the R&R, which were received after this court's order, be considered. (Doc. 154.) For the reasons set forth below, the court will grant the motion for reconsideration insofar as the court will consider the objections. However, the motion will be denied insofar as the court's order adopting the R&R and granting the defendants' motion for summary judgment will not be disturbed.

## **I.     Motion for Reconsideration**

The R&R was filed on December 21, 2018, together with a notice advising the parties that objections must be filed within 14 days of its receipt. In his motion for reconsideration, Hatten advises that he mailed his objections to the R&R on

December 27, 2018.[1] (Doc. 154, p. 1.) The objections were received by the Clerk of Court approximately 15 days later, on January 11, 2019, which was 2 days after this court adopted the R&R. (*See* Doc. 153.) The court notes that Hatten's motion for reconsideration (Doc. 154) was mailed on January 18, 2019 and received by the Clerk of Court on January 22, 2019, only 4 days later. Both documents were sent from the same address. In any event, the Chief Judge of this district issued a stay order in all civil cases in which the government is a party on December 27, 2018 due to a lack of funding for the United States Attorneys Office, Misc. No. 1:18-mc-0729, and therefore the court will consider Hatten's objections as timely filed, and grant his motion for reconsideration in this regard.

## II. Objections to the R&R

### a. Failure to grant counsels' motion to withdraw without first conducting a hearing

Hatten argues, *inter alia*, that the magistrate judge erred by permitting the withdrawal of counsel and requiring Hatten to proceed *pro se*. At the time of the filing of this lawsuit on January 12, 2013, Hatten was represented by private counsel who continued his representation until he died, sometime in March 2017. On November 17, 2017, Matthew Comerford, Esquire and Curt M. Parkins, Esquire entered their appearances as pro bono counsel for Hatten. (Docs. 121-22.) At the

---

[1] The envelope accompanying this filing is missing a date and time stamp.

time of their appearance, this case was already at the summary judgment stage. Discovery was reopened, and on March 12, 2018, defendants filed a motion for summary judgment. (Doc. 130.)

On June 1, 2018, Attorneys Comerford and Parkins filed a motion to withdraw as counsel, citing Hatten's refusal to permit counsel from filing a response to the motion for summary judgment and his desire to have them withdraw their representation. (Doc. 146.) The motion was granted. (Doc. 147.)

In his objection, Hatten argues that the court should have ordered a hearing between himself and pro bono counsel to discuss their breakdown in communication. However, the court is not required to hold such hearings particularly when it is apparent from the record that the plaintiff is not pleased with his pro bono counsel and when no motion is filed requesting such a hearing.

> **b. Failure to provide Hatten with adequate time to respond to the motion for summary judgment and notice of the requirements of Local Rule 56.1**

Hatten argues that, after his counsel withdrew their appearance, the magistrate judge erred by failing to provide with him adequate time to properly respond to the defendants' motion for summary judgment and by not informing him of the requirements of Local Rule 56.1.

In her June 4, 2018 order, the magistrate judge clearly advised Hatten that he had until June 15, 2018 to respond to the motion for summary judgment.

3

Nonetheless, Hatten neglected to respond by the deadline and instead, nearly two weeks after the deadline had passed, filed a motion for summary affirmance and stay of briefing schedule on June 28, 2018.

Although the magistrate judge did not specifically advise Hatten of the requirements of LR 56.1, she liberally construed his motion for summary affirmance as an opposition to the motion for summary judgment and accepted the facts he provided therein as sufficient for purposes of a statement of material fact. In addition, she excused his failure to timely file the motion. Thus, Hatten was not prejudiced by any failure to specifically comply with LR 56.1 or the magistrate judge's June 4, 2018 order. Moreover, Hatten had every opportunity to request a copy of LR 56.1 and the court was under no obligation to send one to him without such a request.

### III. **Conclusion**

Hatten has failed to adequately object to the report and recommendation. He has not identified those portions of the report or recommendations to which his objections are made or articulated a basis for those objections. Instead, he has filed excuses for his own perceived failure to properly respond to the motion for summary judgment.

Upon further consideration of the report and recommendation, the court again finds that the recommendation is supported by law which is aptly applied to the facts

4

of this case. Accordingly, the court reaffirms its order of January 9, 2019 adopting the report and recommendation.

An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 31, 2019